**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 06-1929**

————————

CODY HASTINGS MASSASOIT, Executor for Tallas
Hastings Tomeny, Deceased; STEPHEN PHELPS,

                           Plaintiffs - Appellees,

     versus

LANE CARTER, Sheriff, In his official
capacity; FIDELITY AND DEPOSIT COMPANY OF
MARYLAND; RANDALL BUTLER, Deputy, In his
individual and official capacity,

                           Defendants - Appellants,

     and

MOORE COUNTY SHERIFF DEPARTMENT,

                           Defendant.

————————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  Russell A. Eliason,
Magistrate Judge.  (1:04-cv-00151)

————————

Argued: September 27, 2007     Decided: November 15, 2007

————————

Before SHEDD, Circuit Judge, HAMILTON, Senior Circuit Judge, and
Samuel G. WILSON, United States District Judge for the Western
District of Virginia, sitting by designation.

————————

Affirmed by unpublished per curiam opinion.

**ARGUED:** James Redfern Morgan, Jr., WOMBLE, CARLYLE, SANDRIDGE & RICE, P.L.L.C., Winston-Salem, North Carolina, for Appellants. Stewart Wayne Fisher, GLENN, MILLS & FISHER, Durham, North Carolina; Robert Mauldin Elliot, ELLIOT, PISHKO & MORGAN, P.A., Winston-Salem, North Carolina, for Appellees. **ON BRIEF:** Bradley O. Wood, WOMBLE, CARLYLE, SANDRIDGE & RICE, P.L.L.C., Winston-Salem, North Carolina, for Appellants. Carlos E. Mahoney, GLENN, MILLS & FISHER, P.A., Durham, North Carolina, for Appellee Stephen Phelps.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

During a traffic stop, Moore County (N.C.) Deputy Sheriff Randall Butler shot and killed Tallas Tomeny and shot and seriously wounded Stephen Phelps. Phelps and Tomeny's estate (collectively, "appellees") filed an action under 42 U.S.C. § 1983 and North Carolina state law against Butler, Lane Carter, and Fidelity and Deposit Company of Maryland ("Fidelity") (collectively, "appellants").* The appellants moved for summary judgment, arguing that Butler's actions were (1) reasonable or, alternatively, (2) protected by qualified immunity. The district court denied the motion, and the appellants now appeal. Finding no error, we affirm.

I

In their complaint, the appellants claim that (1) Butler violated their right to be free from the use of excessive force and (2) Carter and Fidelity have derivative liability for Butler's actions. The appellees moved for summary judgment, arguing that (1) Butler's use of force was reasonable because he had probable cause to believe that the appellants posed a serious threat to Butler's safety or the safety of others, or alternatively, (2) if Butler's use of force was unreasonable, he is nonetheless entitled to qualified immunity because the right violated was not "clearly

_____

*Carter is the sheriff of Moore County and Fidelity is the surety on Carter's bond, which North Carolina law requires that sheriffs purchase. N.C. Gen. Stat. § 162-8.

established."  Saucier v. Katz, 533 U.S. 194, 201 (2001); see Tennessee v. Garner, 471 U.S. 1, 11 (1985).  The district court denied the appellants' motion because the appellees' version of the facts would not entitle the appellants to summary judgment on either the question of reasonableness or qualified immunity.

We review de novo the district court's denial of a motion for summary judgment.  Johnson v. Caudill, 475 F.3d 645, 650 (4th Cir. 2007).  On a motion for summary judgment, we view the facts in the light most favorable to the non-moving party.  See Scott v. Harris, 127 S. Ct. 1769, 1776 (2007).  Under this standard, the record indicates the following facts.

As part of their training for the Green Beret Special Forces, Tomeny and Phelps participated in an exercise termed "Operation Robin Sage."  Operation Robin Sage has been conducted for over forty years in and around Moore County.  During the exercise, soldiers join with civilian volunteers to overthrow the government of the fictional country of "Pineland."  The soldiers must accomplish their mission, avoid capture, and maintain their roles throughout the exercise.

On February 23, 2002, civilian volunteer Charles Leiber drove a Ford Ranger pick-up truck with Tomeny in the passenger seat and Phelps in the truck bed.  Tomeny possessed a bag, which contained an M-4 assault rifle.  While on patrol, Butler pulled over the pick-up truck because he felt the occupants' behavior indicated

4

that they might be searching for robbery targets. Butler led Leiber to his patrol car for questioning. After leaving Leiber in the patrol car, Butler led Tomeny from the pick-up truck passenger seat to the truck bed so that he could search Tomeny's bag. Butler never saw the gun in the bag because the compartment containing the gun remained closed. During the search, Tomeny and Butler tussled for the bag. Butler pushed Tomeny away and threw the bag to one side. Tomeny raised his hands and did not bump Butler or reach for Butler's service weapon. Butler drew his service weapon with the safety off. Then, Butler reholstered his service weapon and sprayed Tomeny in the eyes with pepper spray until the pepper spray appeared to run out. Tomeny yelled and screamed when sprayed, but did not threaten Butler with physical force. As Tomeny rubbed his eyes from the pepper spray with both hands at his head, Butler pulled his service weapon and shot Tomeny twice. While Butler pepper sprayed Tomeny, Phelps fled the pick-up truck bed, grabbed the bag, and ran toward the woods. As he was running, Phelps heard the shots fired at Tomeny and turned suddenly. Because of the wet pavement, Phelps slipped and fell to his hands and knees. Phelps did not attempt to open the bag. Without warning Phelps, Butler shot him twice.

Under these facts, which we reiterate are in the light most favorable to Tomeny and Phelps, Butler's actions were (1) neither reasonable because he had insufficient justification for his use of

deadly force, (2) nor protected by qualified immunity because, at the time of the shootings, it was clearly established that the use of deadly force was not justified under these facts.  Accordingly, we affirm the decision of the district court.  <u>Massasoit v. Carter</u>, 439 F. Supp. 2d 463 (M.D.N.C. 2006).

<u>AFFIRMED</u>